UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED ASSET HOLDINGS CORPORATION AND DELIGHT FOODS INC.**  *Plaintiffs* <br><br> V. <br><br> **GRACE SUPPLY USA, INC. AND ECONOMIC FOOD SOLUTIONS PVT. LTD OF INDIA**  *Defendants.* | § § § § § § § § § § § § <br><br> CAUSE NO. 4:21-cv-02012 <br><br> JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs United Asset Holdings Corporation and Delight Foods, Inc., by and through their undersigned counsel, hereby file this Original Complaint against Defendants Grace Supply USA, Inc. and Economic Food Solutions Pvt. Ltd. of India.

### JURISDICTIONAL ALLEGATIONS

1. This is a civil action for trademark infringement and false designation of origin/unfair competition under the Lanham Act (15 U.S.C. § 1051 *et. seq*.).

2. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction over Plaintiffs United Asset Holdings Corporation's and Delight Foods, Inc.'s state and common law claims are proper pursuant to 28 U.S.C. §§ 1338 and 1367.

3. This Court has personal jurisdiction over the Defendants because Defendant Grace Supply USA, Inc. is incorporated in and has its principal place of business in Texas, specifically 13203 Stafford Road, Suite 100 Missouri City, Texas, 77489, and the Defendant regularly

1

conducts and solicits business in the State of Texas (including in this judicial district).  Defendant may be served by its registered agent, Varghese Kurian at 13203 Stafford Road, Suite 100 Missouri City, Texas, 77489.  Defendant Economic Food Solutions Pvt. Ltd. of India is an Indian corporation.  Economic Food Solutions Pvt. Ltd. of India has minimum contacts with Texas because is conducts business in Texas, has contracts with Texas businesses and distributors (including Grace Supply USA, Inc.), and markets and distributes its Indian and Asian food products in Texas.

## VENUE

4.	Venue is proper in this district under 28 U.S.C. § 1391(b) because (1) Defendant Grace Supply USA, Inc. resides in this district, (2) a substantial part of the events or omissions giving rise to the claim occurred in this district, (3) the Defendants are subject to personal jurisdiction in this judicial district with respect to this action, and (4) there is no other district in which the action may otherwise be brought.

## PARTIES

5.	United Asset Holdings Corporation (herein "United") is a corporation incorporated in New Jersey and has its principal place of business in New Jersey.

6.	Delight Foods Inc. ("Foods") is a corporation incorporated in New Jersey and its principal place of business in Texas is located in Stafford, Texas.

7.	United and Foods (the "Plaintiffs") have registered more than a half dozen "Delight" trademarks with United States Patent and Trademark Office.  The Delight family of trademarks include: "Daily Delight," "Daily Delights with the DD wave logo," "Desi-Delight," "Seafood Delight," "Ethnic Delights," and "Delicious Delights".  The Delight family of trademarks is collectively referred to herein as the "Delight Marks."

8. Grace Supply Inc. ("Grace") is a corporation that is incorporated in Texas and has its principal place of business at 13203 Stafford Road, Suite 100 Missouri City, Texas, 77489. Grace has engaged in manufacturing and/or distribution and retail and wholesale sales of prepared, frozen Indian and Asian food products bearing a confusingly similar imitation of Plaintiffs' Delight Marks, specifically "Instant Delight."

9. Economic Food Solutions Pvt. Ltd. of India ("EFS") is a corporation that is incorporated in India. EFS has engaged in manufacturing, distribution, and/or retail and wholesale sales of prepared, frozen Indian and Asian food products bearing a confusingly similar imitation of Plaintiffs' Delight Marks, specifically "Instant Delight". Grace and EFS are collectively referred to herein as the "Defendants."

## BACKGROUND

*History of The Delight Brand & Delight Marks.*

10. In 1993, Plaintiffs – via their predecessor, Impex Corporation – began exporting spices and masalas to the United States. Shortly thereafter, Plaintiffs began to produce, distribute, market, promote, and sell a multitude of prepared, frozen, and shelf-stable Indian and Asian food products throughout the United States, Canada, Europe, and many other countries bearing the distinctive Delight Marks. Delight branded products, such as its grated coconut and its aviyal mix are widely recognized and have gained significant market recognition.

11. For nearly three decades, Plaintiffs have worked to distinguish the Delight brand as a premier producer of prepared Indian and Asian food products by emphasizing the brand's use of quality ingredients and traditional processes of cooking, which are responsible for creating the Delight brand's homemade, authentic taste and flavor. Plaintiffs began to develop their unique trademark in 1998 when they began adopting and using a series of marks, all featuring the word

3

"Delight" or "Delights" to identify the source of origin of its goods. Plaintiffs have continuously and extensively used the Delight Marks since 1998.

*Trademarks*

12. To promote and protect the Delight brand, Plaintiffs registered more than a half dozen "Delight" trademarks with United States Patent and Trademark Office. Plaintiffs' trademarks, detailed below, are registered on the Principal Register, and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U. S.C. § 1065. Plaintiffs federally registered trademarks include:

a. U.S. Trademark Registration Number 2,331,663 for the word mark "Daily Delight" and its logo in association with goods identified in the registration international classes 029 and 030, which includes frozen vegetables, seafood, and side dishes, as well as rice, breads, desserts, and spices.

b. U.S. Trademark and Registration Number 3,361,287 for the word mark "Daily Delight DD" and the wave design logo in association with goods identified in the registration international classes 029 and 030, which includes frozen vegetables, seafood, and side dishes, as well as rice, breads, desserts, and spices.

c. U.S. Trademark Registration Number 3,024,362 for the word mark "Desi Delight" and its logo identified below in association with goods further identified in the registration international class 030, which includes rice, bread, desserts, and spices.

d. U.S. Trademark and Registration Number 3,137,255 for the word mark "Seafood Delight" and its logo identified below in association with goods identified in the registration international class 029, which includes frozen seafood.

  f. U.S. Trademark and Registration Number 5,704,849 for the word mark "Ethnic Delights" and its logo in association with goods further identified in registration international classes 029 and 030, which includes frozen appetizers and ready to eat meals of chicken or seafood, as well as bakery products, rice based snacks, and stir fried rice.

  g. U.S. Trademark Registration Number 5,234,979 for the word mark "Delicious Delights" and its logo in association with goods further identified in registration international classes 029 and 030, including fruit based snacks, rice, and nut and spice based snacks.

  13. A copy of Plaintiffs' USPTO registration for each of the above described marks is attached hereto as <u>Exhibit A</u>.

  14. In addition to their federally registered trademarks, Plaintiffs have common law and unregistered state law rights for each of the following trademarks:



15. The Delight Marks are distinctive to both the consuming public and Plaintiffs' industry. Plaintiffs have continuously used the Delight Marks in connection with the advertisement and sale of their Indian and Asian food products for twenty-plus years. Plaintiffs' Delight branded products include a wide-ranging assortment of foods, including frozen vegetables, seafood, rice dishes, breads, and desserts. Each of Plaintiffs' products bears one or more of the Delight Marks; Plaintiffs have spent substantial time, money, and effort to develop consumer recognition and awareness of the Delight Marks and the Delight brand in the United States, including Texas, via point of purchase materials and displays, through their websites, by attending industry trade shows, and through social media promotion.

16. Plaintiffs market and sell their products to wholesalers, retail outlets, and other purchasers in Texas and across the United States. The Delight Marks are well-recognized and popular with consumers. Plaintiffs currently market and sell 100+ products showcasing the Delight Marks.

*Defendant's Infringing Activities.*

17. Despite Plaintiffs' rights in the Delight Marks, Defendants have offered for sale and have sold frozen Indian and Asian food products bearing a confusingly similar imitation of the Plaintiffs' Delight Marks; specifically, Defendants' products bear an "Instant Delight" mark as shown in Exhibits B – D.

18. Neither the Plaintiffs nor any authorized agents have consented to Defendants' use of the Delight Marks or any use of copies and/or colorable imitations thereof.

19. Defendants' use of the "Instant Delight" mark is confusingly similar to each of the Delight Marks and a deliberate attempt to confuse consumers and wholesalers alike into believing its "Instant Delight" products are part of Plaintiffs' Delight branded products, *i.e.*, within the Delight

Marks' family of products, when they are not. *See* <u>Exhibits B – D</u>. Defendants aim to create this deliberate confusion to aid in the promotion and sales of their products. Defendants' acts are willful with the deliberate intent to trade on the goodwill of the Delight Marks, cause confusion and deception in the marketplace, and divert potential sales of authentic Delight branded products to the Defendants. *See* id. At a minimum, Defendants have been intentionally blind to the likelihood of confusion.

20. The Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to the Plaintiffs, the Delight Marks, and to their valuable reputation and goodwill with the consuming public, for which Plaintiffs have no adequate remedy at law.

21. As a proximate result of the unfair advantage accruing to the Defendants' businesses from deceptively trading on the Plaintiffs' advertising, sales, and consumer recognition, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or in equity.

22. The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful offers for sale of their goods bearing infringements of the Delight Marks. The Defendants' sale of goods bearing infringements of the Delight Marks has resulted in Plaintiffs' loss of business opportunities, customers, contracts, and sales. Through such business activities, Defendants have purposefully derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of Texas, and in doing so, have knowingly harmed Plaintiffs.

23. Defendants have wrongfully traded upon and diminished the goodwill of the Delight Marks. By offering for sale frozen Indian and Asian food products bearing a confusing

similar imitation of Plaintiffs' Delight Marks – specifically the "Instant Delight" mark – Defendants have infringed upon Plaintiffs' federally registered trademarks. The spurious mark is substantially indistinguishable from the Delight Marks used on goods covered by the Delight Marks, *i.e.,* frozen Indian and Asian foods, including prepared frozen vegetables and seafood, rice, breads, desserts, spices, and snacks. Defendants' use creates a false affiliation between the Defendants and Plaintiffs and the Delight Marks.

24. The Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

25. Defendants' wrongful acts will continue unless enjoined by the Court. Accordingly, Defendants must be restrained and enjoined from any further infringement of the Delight Marks.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

26. Plaintiffs repeat and reallege paragraphs 1 through 25 as if fully set forth herein. Plaintiffs own the federally registered Delights Marks, as set forth in more detail in the foregoing paragraphs.

27. The Delight Marks are valid, protectable, and distinctive trademarks that Plaintiffs have continuously used to promote their goods for almost three decades. The relevant purchasing public recognizes the Delight Marks as originating from and/or approved by Plaintiffs.

28. Defendants, without authorization from Plaintiffs, have been producing, distributing, marketing, offering for sale and/or selling prepared, frozen Indian and Asian food using a "Instant Delight" mark that is a confusingly similar imitation of Plaintiffs' Delight Marks and is likely to cause confusion, deception, and mistake by creating a false and misleading impression that Defendants' goods are produced, designed or distributed by Plaintiffs, are associated or connected with Plaintiffs, or have the endorsement or approval of Plaintiffs.

29. Defendants' infringing use of "Instant Delight" is confusingly similar to Plaintiffs' federal registered Delight Marks in violation of 15 U.S.C. § 1114. Defendants' activities are causing, and unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception to members of the public and Plaintiffs' industry, and, additionally, cause injury to Plaintiffs' goodwill and reputation.

30. Defendants' conduct, as alleged herein, is willful and is intended and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs or the Delight Marks.

31. Defendants' use of the "Instant Delight" mark in commerce has resulted in Plaintiffs' loss of profits (in an amount difficult to determine), caused considerable damage to the goodwill of Plaintiffs and the Delight Marks, and diminished the brand recognition of the Delight Marks by introducing confusing and indistinguishable products into the marketplace.

32. By reason of the foregoing, Plaintiffs are entitled to, among other relief:

   a. injunctive relief;

   b. recovery of Defendants' profits;

   c. actual damages and enhanced profits;

   d. damages, costs, and Plaintiffs' reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116, and 1117; and

   e. prejudgment and post-judgment interest.

## COUNT TWO
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

33. Plaintiffs repeat and reallege paragraphs 1 through 25 hereof, as if fully set forth herein.

34. Plaintiffs own all rights, title, and interest in the registered Delight Marks, which they have continuously used in commerce since 1998. Defendants' unauthorized use in commerce of a confusingly similar imitation, *e.g.*, "Instant Delight" infringes Plaintiffs' rights in the Delight Marks and violates § 1114 because it renders Defendants' products confusingly similar to Plaintiffs' well-known Delight branded products. Defendants' unauthorized use of the "Instant Delight" mark creates the erroneous impression in consumers' minds that Defendants' products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiffs, the Delight brand and/or the Delight Marks. Such use constitutes a false designation of origin within the meaning of 15 U.S.C. § 1125(a).

35. Upon information and belief, Defendants chose to use the "Instant Delight" mark with the intent to cause confusion among consumers and to deceive them into believing that the Defendants' products are made by, endorsed by, or otherwise associated with Plaintiffs' Delight Marks and the Delight-branded family of Indian and Asian food products.

36. Defendants have profited from their unfair competition, and Plaintiffs have suffered damages in an amount to be proven at trial.

37. Defendants' intentional and willful misconduct in misleading consumers renders this an "exceptional case," entitling Plaintiffs to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

38. Defendants' infringement is causing irreparable injury by confusing consumers and enabling Defendants to unlawfully profit by trading off of the goodwill and renown of Plaintiffs' Delight Marks. Plaintiffs will continue to suffer such harm unless Defendants' infringing conduct is enjoined by this Court.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39. Plaintiffs repeat and reallege paragraphs 1 through 25 hereof, as if fully set forth herein.

40. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion and irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law for this injury.

41. On information and belief, Defendants acted with full knowledge of Plaintiffs' use of, and statutory and common law rights to, the Delight Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

42. Defendants' actions demonstrate an intentional, willful and/or malicious intent to trade on the goodwill associated with Plaintiffs' marks to the significant and irreparable injury of Plaintiffs.

43. As a result of Defendants' acts, Plaintiffs have been damaged in an amount not yet determined or ascertained. At a minimum, however, Plaintiffs are entitled to injunctive relief, an accounting of Defendants' profits, and damages and costs arising from this action.

## COUNT FOUR
## DECLARATORY JUDGMENT

44. Plaintiffs repeat and reallege paragraphs 1 through 25 hereof, as if fully set forth herein.

45. Defendants' ongoing use of the Instant Delight mark in connection with its Asian and Indian food products infringes Plaintiffs' registered Delight Marks.

46. Defendants are engaged in activities directed toward further unauthorized use of

the Delight Marks in a manner that is likely to cause confusion among the relevant public. As such, there is a substantial, immediate, and justiciable controversy between the parties, as Defendants infringe upon Plaintiffs' registered Delight Marks by seeking and continuing to use the "Instant Delight" mark in connection with their Asian and Indian food products.

47. Plaintiffs seek, in the alternative, a declaratory judgment that further use by Defendants of the "Instant Delight" mark in connection with the sale, marketing, or distribution of Asian and Indiana food products would infringe on Plaintiffs' rights in the registered Delight Marks.

### REMEDIES INCLUDING INJUNCTIVE RELIEF

48. Plaintiffs repeat and reallege paragraphs 1 through 25 hereof, as if fully set forth herein.

49. Plaintiffs are entitled to monetary relief, including (1) Defendants' treble profits, (2) treble damages sustained by Plaintiffs, (3) statutory damages, and (4) the cost of this action. *See* 15 U.S.C. § 1117.

50. Plaintiffs are also entitled to injunctive relief. *See* 15 U.S.C. § 1117. Plaintiffs are entitled to a preliminary and permanent injunction against Defendants and their officers, agents, representatives, and any person or entity acting on their behalf or at their direction from using the "Instant Delight" mark in connection with the same, and the marketing and distribution of Asian and Indian food products.

### ATTORNEYS' FEES

51. Plaintiffs are entitled to an award of attorneys' fees under 15 U.S.C. § 1117(a).

### JURY DEMAND

52. Plaintiffs request a trial by jury on all claims.

**PRAYER**

WHEREFORE, Plaintiffs United Asset Holdings Corporation and Delight Foods, Inc. respectfully request the following relief against Defendants as follows:

1. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing, advertising, or promotion of products bearing Plaintiffs' Delight Marks and/or marks confusingly similar to "Daily Delight", "Desi-Delight", "Seafood Delight", "Ethnic Delights", and "Delicious Delights," including but not limited to an "Instant Delight" mark;

    b. The use of any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is a copy, reproduction, colorable imitation, or simulation, or confusingly similar to any of Plaintiffs' trademarks, trade dresses, names, or logos; and

    c. The use of any trademark, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced, provided, and/or authorized by Plaintiffs, or are in any way connected or related to Plaintiffs.

2. Pursuant to 15 U. S.C. § 1116(a), directing Defendants to file with the Court and serve on the Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. An order from the Court requiring that each of Defendants Grace and EFS provide complete accountings, and for equitable relief, including that each of Grace and EFS disgorge and return or pay their ill-gotten gains obtained from the sale or distribution of the infringing food products;

4. An order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in Defendants' possession that rightfully belong to the Plaintiffs;

5. An order from the Court requiring Defendants to pay the reasonable attorneys' fees incurred by Plaintiffs pursuant to 15 U.S.C. § 1117(a) and under Texas law;

6. All costs of suit; and

7. Any such other and further relief as the Court may deem just and equitable.

Dated: June 18, 2021.

          Respectfully Submitted,

          MOUERHUSTON PLLC

          By:  */s/ Allison Miller-Mouer*
               Allison Miller-Mouer
               Attorney-in-Charge
               State Bar No. 24043822
               Penn C. Huston
               State Bar No. 00796804
               MouerHuston PLLC
               349 Heights Blvd.
               Houston, TX 77007
               Telephone (832) 209-8871
               Facsimile (832) 209-8158
               allison@mouerhuston.com
               *Counsel for Plaintiffs*